UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYLER JOLLY FISHER, )<br>)<br>           Petitioner, )<br>)<br>           v. )<br>)<br>STATE OF INDIANA, )<br>)<br>           Respondent. ) | No. 4:23-cv-00130-TWP-KMB |

### Order Granting Motion to Dismiss

Tyler Jolly Fisher brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction and sentence in Indiana criminal case 36C01-2105-F3-000007. Respondent has filed a motion to dismiss the petition for failure to exhaust available state-court remedies. Mr. Fisher has not responded, and the time to do so has passed. For the reasons below, the motion to dismiss is **GRANTED,** this action is **DISMISSED without prejudice**, and a certificate of appealability shall not issue.

### I.  Exhaustion Requirement

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted).  Thus,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)

        (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

## II.    Discussion

Respondent moves to dismiss the § 2254 petition on the ground that Petitioner has failed to exhaust available state-court remedies. Although Petitioner filed a state post-conviction petition raising the issues raised in his federal petition, that petition remains pending. *See* online docket in Indiana case number 36D02-2306-PC-000003, available by search at mycase.IN.gov.

It is clear that Petitioner has not exhausted one complete round of Indiana's ordinary appellate review process. Petitioner does not argue that such process is unavailable to litigate his claims. On the contrary, he is currently litigating them in a state post-conviction proceeding and is represented by counsel in that action.

Accordingly, Petitioner has failed to exhaust available state-court remedies, and Respondent's motion to dismiss, dkt. [11], is **GRANTED** on that basis. The petition for a writ of habeas corpus is **DISMISSED without prejudice**. Petitioner may renew his petition after completing the state appellate review process.

## III.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate

of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree with this court's conclusion that Petitioner's claims are unexhausted. The court therefore **denies** a certificate of appealability.

### IV.    Conclusion

Respondent's motion to dismiss, dkt. [11], is **GRANTED**.

This action is **DISMISSED without prejudice** for failure to exhaust available state-court remedies. No certificate of appealability shall issue. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 4/2/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TYLER JOLLY FISHER
294145
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064